UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHERYL A. HOWARD,

                        Plaintiff,

-vs-

ANDREW SAUL, *Commissioner of Social Security*,[1]

                        Defendant.

DECISION AND ORDER

19-CV-574-MJP

---

## INTRODUCTION

**Pedersen, M.J.** Plaintiff Cheryl A. Howard ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Pursuant to 28 U.S.C. § 636(c) the parties have consented to the disposition of this case by a United States magistrate judge. (ECF No. 11.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 7 & 9.) For the reasons set forth below, this matter must be remanded for a rehearing.

---

[1] Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019, for a six-year term. He is substituted for Nancy A. Berryhill, the acting Commissioner, pursuant to Federal Rule of Civil Procedure 25(d).

## PROCEDURAL BACKGROUND

Plaintiff filed for benefits on November 29, 2015, alleging disability beginning on May 1, 2015, based on depression, fibromyalgia, dysommomnia [*sic*], stress incontinence, female genital prolapse, neuromuscular dysfunction of bladder, postmenopausal atrophic vaginitis, dyspareunia, muscle spasms, and headaches. (R.[2] 157.) The Social Security Administration denied Plaintiff's claim on February 12, 2016. (R. 93.) A hearing was held on January 23, 2018, before an Administrative Law Judge ("A.L.J.") (R. 57.) Plaintiff appeared in person and was represented by an attorney. (R. 58–59.) A vocational expert also appeared and testified at the hearing. (*Id.*)

The A.L.J. issued a Decision on April 2, 2018, finding that Plaintiff was not disabled from May 1, 2015, through December 31, 2017, under Sections 216(i) and 223(d) of the Social Security Act. (R. 37, 39.) Plaintiff appealed to the Social Security Administration's Appeals Counsel and that body denied her request for review on March 7, 2019, making the A.L.J.'s decision the Commissioner's final decision. (R. 1–6.) Plaintiff filed this lawsuit on May 3, 2019. (ECF No. 1.)

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides

---

[2] "R" refers to the page in the transcript of the entire record of proceedings before the Commissioner of Social Security. (Record of Proceedings, Aug. 9, 2019, ECF No. 4.)

that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (*per curiam*)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105–06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

3

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

> (1)    whether the claimant is currently engaged in substantial gainful activity;
>
> (2)    if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";
>
> (3)    if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;
>
> (4)    if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and
>
> (5)    if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant

could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## ANALYSIS

Plaintiff raises one issue for review: "Was the ALJ's decision the product of mischaracterizations of the record that undermine [*sic*] the reliability of his ultimate findings?" (Pl.'s Mem. of Law at 1, Oct. 9, 2019, ECF No. 7-1.) Plaintiff contends that the A.L.J.'s determination was based upon mischaracterizations of the record such that the A.L.J.'s residual functional capacity ("RFC") determination was not supported by substantial evidence. (*Id.* at 9.) As part of this argument, Plaintiff contends that the A.L.J. purportedly rejected the two medical opinions contained in the record, instead inserting his own medical opinion. (*Id.*) In addition, Plaintiff claims that the A.L.J. erroneously concluded that she was self-employed in a restaurant from July 2015 through 2017 (activity that the A.L.J. found did not qualify as "substantial gainful activity") and that this information came from the latest dated medical records from John Bauers, M.D. (*Id.* at 11.) Plaintiff asserts that the evidence does not support the A.L.J.'s determination that she worked in this capacity past the beginning of 2016 and that, therefore, the A.L.J.'s "hyper focus" on that activity in his determination was erroneous. (*Id.*) Plaintiff also contends that the A.L.J. improperly minimized Plaintiff's subjective complaints of fibromyalgia (*Id.* at 12.) In addition, Plaintiff argues that the A.L.J.'s broad rejection of Plaintiff's mental impairments was erroneous (*Id.* at 12.) Finally, Plaintiff asserts that

the amalgamation of smaller factual errors made by the A.L.J. warrant remand. (*Id.* at 13–15.)

### *The A.L.J.'s RFC was Not Supported by Substantial Evidence Because He Relied Upon His Own Factual Misinterpretation of the Record When Determining the RFC.*

If the A.L.J. commits "factual errors in evaluating the medical evidence," his decision denying benefits "is not supported by substantial evidence." *Pratts v. Chater*, 94 F.3d 34, 38 (2d Cir. 1996); *Edel v. Astrue*, No. 06-CV-0440 (LEK/VEB), 2009 WL 890667, at *15 (N.D.N.Y. Mar. 30, 2009) (A.L.J.'s finding was "not supported by substantial evidence where [the ALJ] relied primarily upon a misstatement of the record").

Moreover, "when an A.L.J.'s credibility determination is based, in large part, on factual errors, the determination is not supported by substantial evidence and must be remanded. *See Horan v. Astrue,* 350 Fed. App'x 483, 485 (2d Cir. 2009) (A.L.J.'s credibility determination based largely on factual errors not supported by substantial evidence); *Pratts,* 94 F.3d at 37–38; *Wilson v. Colvin*, 213 F. Supp. 3d 478, 491 (W.D.N.Y. 2016) (internal quotations omitted) ("although the ALJ provided 'specific' reasons for discounting Plaintiff's credibility, the Court cannot find that they were 'legitimate' reasons because they are based on a misconstruction of the record").

At step two of the five-step analysis, the A.L.J. determined that Plaintiff "did not engage in substantial activity during the period from her alleged onset date of May 1, 2014 through her date last insured of December 31, 2017." (R. 39.) Despite this finding, the A.L.J. appeared to significantly rely upon his

6

erroneous interpretation of Plaintiff's work history to such a degree that the Court is persuaded that the RFC determination was not supported by substantial evidence and that the A.L.J. improperly discounted Plaintiff's credibility.

In his RFC determination, the A.L.J. erroneously indicated that "the report by Dr. Bauer [*sic*] that the claimant continued to be self-employed in restaurant work persisted from July 2015 through the end of [Dr. Bauers'] records in 2017." (R. 46.) This is not correct. Instead it appears that the notation that Plaintiff was self-employed was only included in records from early 2016 and, even then, the notation was only included under the heading "previous notes." (R. 518–19, 522–23, 526–27, 530–31.)

The Commissioner does not dispute this. (Comm'r Mem. of Law, filed December 9, 2019, ECF No. 9-1 at 18.) )"Admittedly, the ALJ was mistaken when he said Dr. Bauer [*sic*] noted work activity through 2017, as the last time the work activity appears in his records is in April 2016.") However, the Commissioner argues that this error was harmless. This argument is without merit as it appears that the factual error underpinned several determinations relating to Plaintiff's RFC and the A.L.J.'s assessment of her credibility such that the A.L.J.'s determination that Plaintiff was not disabled was not supported by substantial evidence.

For example, the A.L.J. discounted the opinion of consulting physician Janine Ippolito, Psy.D., in part, by indicating that "[t]he undersigned also

7

notes the significant incongruity with the claimant's social presentation at the consultative exam . . . and cannot ignore the many references in the record that suggest the claimant was engaged in self-employment running a café or restaurant or otherwise preparing food for sale to public customers." (R. 48–49.) There is no clear evidence in the record as to when Plaintiff stopped working and yet the A.L.J. resolved the uncertainty against Plaintiff, assuming that she was still working at the time she saw Dr. Ippolito. While the A.L.J. provided additional reasons for assigning Dr. Ippolito's opinion "limited weight," there is no indication of how much the fact that the A.L.J.'s conclusion that Plaintiff was engaged in employment until 2017 played a role in reaching the decision to assign that weight.[3]

Further, the A.L.J. indicated in his decision that "Dr. Bauer's [*sic*] notes continued to indicate that the claimant was engaged in restaurant self-employment and the claimant reported a 'high level of activity.'" (R. 44.) The Court agrees with Plaintiff that this interpretation of the record is not correct. (Pl.'s Mem. of Law, ECF No. 7-1 at 14.) A review of the medical records from Dr. Bauers, and in particular his record dated February 15, 2016, does refer to a "high level of activity," but this notation appears under the heading of

---

[3] Plaintiff saw Dr. Ippolito on January 28, 2016, and the record is not clear if Plaintiff was still working at that time. The A.L.J. had a duty to clarify the record before rendering a determination on Plaintiff's RFC. Regardless, the A.L.J. made his RFC determination in 2018, and in reading the A.L.J.'s decision, it appears to the Court that the A.L.J.'s error in believing that Plaintiff was in good enough health to continue to be self-employed into 2017 influenced many of his conclusions utilizing the benefit of hindsight to Plaintiff's detriment.

"Assessment #2: M79.7 Fibromyalgia." (R. 529.) The Court interprets Dr. Bauers' notation as indicating that Plaintiff was experiencing a high level of fibromyalgia activity, not that she was physically highly active herself. The A.L.J.'s marrying of his conclusion that Plaintiff was still self-employed in February 2016 (which may not be true) with his misinterpretation that Plaintiff was engaging in a "high level of activity" in his decision demonstrates that the A.L.J. based his RFC on dubious conclusions. Thus, the A.L.J.'s RFC determination is not supported by substantial evidence.

Moreover, when assessing the evidence related to Plaintiff's mental impairments, the A.L.J. summarized the findings of various health providers Plaintiff had seen from January 2015 through May 2017. The A.L.J. appeared to discount Plaintiff's mental impairments stating that he "finds it interesting that the claimant presented with such poor social skills, behavior, or manner of relating to the consultative examiner but was running a café or otherwise engaged in restaurant self-employment during the period at issue." (R. 49.) This observation is based upon the A.L.J.'s misinterpretation of Plaintiff's work history and also demonstrates that his RFC analysis was not based upon substantial evidence.

In addition, the A.L.J. appears to have discounted Plaintiff's subjective complaints partly based upon his faulty belief that Plaintiff was working at least up until 2017. For example, the A.L.J. discounted Plaintiff's subjective claim that she suffered "profound fatigue" by stating "there are references to

continued self-employment." (R. 49) It is clear from the A.L.J.'s repeated statements that he did not fully credit Plaintiff's subjective complaints because he erroneously believed she continued to work into 2017.

The A.L.J.'s factual error regarding Plaintiff's dates of employment and his reliance on this error in determining Plaintiff's RFC and credibility winnowed the amount of evidence underlying the A.L.J.'s decision to deny Plaintiff's disability benefits to the point where this Court concludes that the decision was not based upon substantial evidence.

The forgoing errors require reversal and remand. Since remand is required, the Court need not address the other arguments advanced by Plaintiff in support of her motion.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for judgment on the pleadings (ECF No. 7) and denies the Commissioner's motion for judgment on the pleadings (ECF No. 9). The Court remands the case pursuant to the fourth sentence of 42 U.S.C. § 405(g) for a hearing. Finally, the Court directs the Clerk of the Court to enter judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED.**

DATED:   August 4, 2020
         Rochester, New York

                                              _____
                                              MARK W. PEDERSEN
                                              United States Magistrate Judge